IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MORGAN MILLER, KYLEE MILLER
and WAYNE HOOVER,
individually, and MORGAN
MILLER, as Personal
Representative of THE ESTATE
OF CONNIE MILLER,

      Plaintiffs,

v.

RITE AID CORPORATION, a
Delaware corporation; THRIFTY
PAYLESS, INC., a California
corporation; RELIASTAR LIFE
INSURANCE COMPANY, a Minnesota
corporation; and STANDARD
INSURANCE COMPANY,

      Defendants.

CV 04-601-BR

OPINION AND ORDER

**J. MICHAEL ALEXANDER**
Swanson, Lathen, Alexander & McCann, PC
388 State Street, Suite 1000
Salem, OR 97301
(503) 581-2421

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**BRUCE A. RUBIN**
**KIRK W. MYLANDER**
Miller Nash LLP
3400 US Bancorp Tower
111 S.W. 5th Avenue
Portland, OR  97204-3699
(503) 224-5858

>Attorneys for Defendants Rite Aid Corporation and Thrifty Payless, Inc.

**KATHERINE S. SOMERVELL**
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S.W. 5th Avenue
Portland, OR  97204-2089
(503) 228-6351

>Attorneys for Defendant Standard Insurance Company

**BROWN, Judge.**

This matter comes before the Court on Defendant Rite Aid Corporation's Motion for Summary Judgment (#16). For the reasons that follow, the Court **GRANTS** the Motion.

## PROCEDURAL BACKGROUND

In April 2004, Plaintiffs filed this action in state court alleging breach of insurance contract by ReliaStar for failure to pay death benefits or, in the alternative, for breach of insurance contract by Standard for failure to pay death benefits. Plaintiffs also alleged breach of employment contract by Rite

Aid[1] for failing to provide life insurance as "offered in its employment agreement" and negligence by Rite Aid for breaching its fiduciary duty to ensure that it would preserve Connie Miller's fringe benefit of life insurance.

On May 4, 2004, Defendants removed the action to this Court on the ground that ERISA preempts Plaintiffs' common law claims.[2] Plaintiffs did not challenge the removal by filing a motion to remand.

On July 2, 2004, Plaintiffs voluntarily dismissed without prejudice their claims against Defendant ReliaStar.
On February 18, 2005, the Court granted Standard's Motion for Summary Judgment and dismissed Plaintiffs' claims against Standard.

On October 22, 2004, Rite Aid filed a Motion for Summary Judgment alleging Plaintiffs' claims against Rite Aid are preempted by ERISA and, in any event, Plaintiffs do not have a claim against Rite Aid under ERISA.

On March 9, 2005, the Court heard oral argument on Rite

---

[1] Thrifty Payless, Inc., is the predecessor of Rite Aid Corporation. The parties refer to Thrifty Payless and Rite Aid collectively as "Rite Aid." The Court, therefore, will do the same.

[2] A cause of action filed in state court that is preempted by ERISA is removable to federal court under 28 U.S.C. § 1441 as an action arising under federal law even when the ERISA-related nature of the action does not appear on the complaint's face. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-67 (1987).

3 - OPINION AND ORDER

Aid's Motion and took the Motion under advisement.

## FACTUAL BACKGROUND

Rite Aid employed Connie Miller from 1981 until her death on February 13, 2002. While Connie Miller was a Rite Aid employee, she purchased coverage under a group life insurance policy issued by ReliaStar Life Insurance Company that was available through Rite Aid. Plaintiffs concede Connie Miller received a copy of the Reliastar life insurance policy, which contained information regarding actions Connie Miller would have to take to convert the group policy to an individual policy in the event any part of the group policy with ReliaStar "stopped."

Connie Miller advised Rite Aid that she had cancer and was permanently disabled. She took disability leave from her job on February 9, 2001, and began receiving long-term disability benefits from ReliaStar. Connie Miller did not return to work.

While Connie Miller was on disability leave, Rite Aid changed its group life insurance coverage from ReliaStar to Standard Insurance Company effective July 1, 2001. Standard assumed Connie Miller's disability claim and paid her monthly benefits until her death. According to Plaintiff Morgan Miller, her mother stated Rite Aid assured her that life insurance benefits would continue after she was disabled.

Under the Standard group life insurance policy, an employee

4 - OPINION AND ORDER

must meet the "active at work" requirement to be eligible for coverage under the policy. The "active at work" clause provides: If an employee is "incapable of Active Work . . . on the day before the scheduled effective date of your insurance . . ., your insurance will not become effective until the day after you complete one full day of Active Work as an eligible member." Bennett Decl., Ex. B at 50. Plaintiffs concede Connie Miller did not meet the "active at work" requirement of Standard's policy.

In her Declaration, however, Morgan Miller testified she spoke to a representative of Rite Aid on May 23, 2002, which was several months after Connie Miller's death. The Rite Aid representative informed Morgan Miller that her mother had life insurance at the time of her death. On January 22, 2003, Morgan Miller's attorney sent a letter to Rite Aid and ReliaStar concerning Plaintiffs' claim for life insurance benefits from Connie Miller's policy.

There is no evidence that Connie Miller had a policy, summary plan description, or other information about the Standard group life policy. Morgan Miller, nonetheless, called Standard after her mother's death to inquire whether her mother was covered under Standard's group life insurance policy. Standard informed Morgan Miller that her mother was not covered.

Plaintiffs never submitted a written claim to Standard for life insurance benefits.

5 - OPINION AND ORDER

**STANDARDS**

Fed. R. Civ. P. 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002). In response to a properly supported motion for summary judgment, the nonmoving party must go beyond the pleadings and show there is a genuine issue of material fact for trial. *Id.*

An issue of fact is genuine "'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarmo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must draw all reasonable inferences in favor of the nonmoving party. *Id*. A mere disagreement about a material issue of fact, however, does not preclude summary judgment. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1389 (9th Cir. 1990). When the nonmoving party's claims are factually implausible, that party must come forward with more persuasive evidence than otherwise would be required. *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1147 (9th Cir. 1998)(citation omitted).

The substantive law governing a claim or a defense determines whether a fact is material. *Addisu v. Fred Meyer,*

*Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000). If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment. *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001).

**DISCUSSION**

In its Motion for Summary Judgment, Rite Aid moves the Court to dismiss Plaintiffs' claims against Rite Aid because Plaintiffs' claims are preempted under ERISA and Plaintiffs do not have a claim against Rite Aid under ERISA.

At oral argument on Rite Aid's Motion, Plaintiffs conceded they do not have a claim against Rite Aid under ERISA if their claims are preempted by ERISA. The sole remaining issue, therefore, is whether Plaintiffs' claims against Rite Aid for breach of employment contract and negligence are preempted by ERISA.

**I. Standards for Analysis of ERISA Preemption Generally.**

In *Aetna Health Inc. v. Davila*, 124 S. Ct. 2488 (2004), the Supreme Court reiterated the standards for preemption of state law claims in ERISA cases. The Court noted "the purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive pre-emption provisions." *Davila*, 124 S. Ct. at 2495. "Therefore, any state-law cause of action that duplicates, supplements, or supplants

7 - OPINION AND ORDER

the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  Id. (citing *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 143-45 (1990)).

"Pre-emption does not occur, [however], . . . if the state law has only a 'tenuous, remote or peripheral' connection with covered plans."  *Operating Eng'rs Health and Welfare Trust Fund v. JWJ Contracting Co., et al.*, 135 F.3d 671, 676-77 (9th Cir. 1998)

**II.  Plaintiffs' Claims Are Preempted by ERISA.**

Plaintiffs assert two common law claims against Rite Aid: breach of contract and negligence.  In their breach of contract claim, Plaintiffs allege Rite Aid offered, as part of Connie Miller's employment agreement, "that the decedent would be provided with life insurance."  According to Plaintiffs, Rite Aid, therefore, breached its employment contract because life insurance was not available to Connie Miller under Rite Aid's policies with ReliaStar or Standard.  In their negligence claim, Plaintiffs allege Rite Aid, as Connie Miller's employer, had a fiduciary duty to take "any and all actions necessary to ensure that [Connie Miller's] fringe benefits would be preserved," including life insurance.  According to Plaintiffs, the loss of Connie Miller's life insurance benefits was "due to the negligence of Rite Aid in failing to ensure . . . [Connie

Miller's] life insurance benefits were preserved."  Plaintiffs, therefore, seek as damages the amount of life insurance they would have received under the ReliaStar or Standard life insurance policies.

In numerous decisions, the Ninth Circuit has held ERISA preempts state common law claims for negligence and breach of contract in which a plaintiff seeks to recover plan benefits. *See Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 (9th Cir. 1992).  *See also McBride v. PLM Int'l Inc.*, 179 F.3d 737 (9th Cir. 1999); *Parrino v. FHP, Inc.*, 146 F.3d 699 (9th Cir. 1998). In *Tingey*, the plaintiff, an employee of the defendant, subscribed to the defendant's comprehensive medical plan, which covered the plaintiff's family including pregnancy complications and newborn care.  The plan provided:  "If you leave your job, you will be given an opportunity to continue [medical] coverage on a direct payment basis."  *Tingey*, 953 F.2d at 1127.  The plaintiff's wife gave birth to a child with spina bifida, and the comprehensive medical plan "received a bill" for $18,000 to cover the costs of delivery and postnatal care.  *Id.*  The medical plan sent a copy of the bill to the defendant, who fired the plaintiff on the day following the defendant's receipt of the bill.  *Id*. Although the plan paid all of the benefits through the date of the plaintiff's termination, it refused to allow the plaintiff either to convert or to continue the policy.  *Id*.

The plaintiff filed a complaint in state court alleging the defendant: (1) breached the employment contract by terminating the plaintiff without good cause, (2) breached the covenant of good faith and fair dealing in the plaintiff's employment agreement, (3) tortiously breached the defendant's duty of good faith and fair dealing by terminating plaintiff, (4) intentionally inflicted emotional distress, (5) breached the duty of good faith implicit in every insurance contract, (6) violated an Arizona statute prohibiting discrimination against the plaintiff due to his son's condition, (7) violated an Arizona statute requiring group policies to provide coverage for children with birth defects and failed to offer conversion rights, (8) breached the duty of good faith owed to the plaintiff by the plan, (9) intentionally interfered with plaintiff's employment contract, and (10) wrongfully terminated the plaintiff to deny him prospective benefits under the group insurance contract. *Id.* at 1128-29. The Ninth Circuit held all of the plaintiff's claims were preempted by ERISA. In so doing, the Ninth Circuit noted "Counts III, V, and X are transparent variations on the theme that [the defendant] and [the plan] acting jointly or severally caused [the plaintiff] to be fired in order to deny him benefits. Such claims 'fall squarely within the ambit of ERISA' . . . and are preempted." *Id*. at 1131 (quoting *Ingersoll-Rand*, 498 U.S. at 142)). The court also held

the plaintiff's eighth claim was "flatly preempted." *Id*. at 1133.

The Ninth Circuit further noted, "Although counts I, II, IV, and IX appear to concern [the plaintiff's] employment relationship rather than his employee benefit plan, they spring from the handling and disposition of [the plaintiff's] medical benefits insurance claim and thus are subject to preemption." *Id.* at 1131.

The preemption standard reiterated by the Supreme Court in *Davila* and the Ninth Circuit's analysis in *Tingey* indicate Plaintiff's claims for breach of contract and negligence against Rite Aid are preempted. Plaintiffs, nonetheless, rely on *Greenblatt v. Budd Co.*, 66 F. Supp. 735 (E.D. Pa. 1987), to support their contention that their claims are not preempted.

In *Greenblatt*, the plaintiff alleged his employer misrepresented that the plaintiff's pension benefits would be equal to those of comparably salaried management personnel who received benefits under another company pension plan. The plaintiff alleged he relied on that misrepresentation to his detriment. 666 F. Supp. at 741. The plaintiff sought the difference between the benefits he would have received under the company's other pension plan and the benefits he received under his pension plan. *Id*. at 739. The employer alleged the plaintiff's claim was preempted by ERISA. The district court

11 - OPINION AND ORDER

disagreed. *Id*. at 742.

The court held the plaintiff's misrepresentation claim was too tenuous or remote to warrant preemption. The court reasoned

> the premise underlying this action was that plaintiff was deceived by the verbal statements made and the actions taken by his employer. That the subject of the deception concerned pension benefits is only incidental and not essential to the plaintiff's cause of action. Like promises for a raise in salary, a promotion, or the use of tickets to a baseball game, plaintiff's employer's promise to provide the plaintiff with certain benefits at some unknown time in the future, upon which plaintiff could reasonably rely, is the essence of the fraud alleged.

*Greenblatt*, 666 F. Supp. at 742. Since *Greenblatt*, however, the District Court for the Eastern District of Pennsylvania and other courts that have examined the issue have held the holding and reasoning in *Greenblatt* no longer "represent[] the weight of authority after the Supreme Court's decision in *Ingersoll-Rand Co*." *Sciotto v. United States Healthcare Sys. of Penn., Inc.*, No. 01-CV-4973, 2001 WL 1550812, at *2 (E.D. Pa. Dec. 5, 2001). *See also Carlo v. Reed Rolled Thread Die* Co., 49 F.3d 790 (1st Cir. 1995); *Anglund v. Am. Tel. and Tel. Co.*, 828 F. Supp. 809 (D. Colo. 1993); *Carter v. Amax Coal Corp.*, 748 F. Supp. 812 (D. Utah 1990) This Court agrees.

In *Ingersoll-Rand*, the Court found ERISA preempted a plan participant's cause of action for wrongful termination in which the participant alleged his employer wrongfully terminated him in an attempt to avoid paying pension benefits. The participant's

12 - OPINION AND ORDER

cause of action for wrongful termination was predicated on the existence of an ERISA plan. The Court ultimately held the cause of action "relate[d] to" an ERISA plan and, therefore, was preempted. 498 U.S. at 139-40.

In this case, Plaintiffs' claims for breach of contract and negligence necessarily are predicated on the existence of a life insurance policy that is part of an ERISA plan. If life insurance were not one of the benefits of Rite Aid's ERISA plan, Plaintiffs would not have any expectation of such insurance coverage or a claim against Rite Aid for failing to provide same.

In fact, the "existence of [Rite Aid's plan] would be a critical factor in establishing the extent of the Defendant's liability under state common law. In reality, [this] suit represents an attempt to supplement the plan's express provisions and secure additional benefit." *Barkdoll v. H&W Motor Express Co.*, 820 F. Supp. 410, 414 (N.D. Iowa 1993)(citing *Felton v. Unisource Corp.*, 940 F.2d 503, 509 (9th Cir. 1991)). For these reasons, the Court concludes Plaintiffs' claims, like those of the plaintiff in *Ingersoll-Rand*, relate to an ERISA plan.

The policy underlying ERISA is to "maintain the integrity of the plan and [to] avoid inconsistent application of it." *Anglund,* 828 F. Supp. at 814. If the Court were to allow Plaintiffs to obtain, in effect, life insurance benefits for Connie Miller even though she was not entitled to receive

benefits under the terms of those policies, the Court would not maintain the integrity of the plan and would force an inconsistent application of it. *See Pohl v. Nat'l Benefits Consultants, Inc.*, 956 F.2d 126, 128 (7th Cir. 1992)(although the plaintiffs did not seek to enlarge their coverage under the plan specifically, any money obtained from the lawsuit would essentially be a benefit to which they were not entitled under the plan, and "[t]his type of end run is regularly rebuffed.").

Based on the preemption standards reiterated in *Davila*, the application of those principles to the facts of this case, and the insurance policies at issue, the Court concludes Plaintiffs' claims for breach of contract and negligence against Rite Aid are preempted by ERISA. In light of Plaintiffs' concession at oral argument that they do not have a viable claim against Rite Aid under ERISA if their common law claims are preempted by ERISA, it follows that Rite Aid is entitled to summary judgment as to both of Plaintiffs' claims.

## **CONCLUSION**

For these reasons, the Court **GRANTS** Defendant Rite Aid's

Motion for Summary Judgment (#16) and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 10th day of May, 2005.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

Miller v. Rite Aid CV 04-601 Rite Aid MSJ O&O.05-09-05.wpd

15 - OPINION AND ORDER